UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PEDRO ORTEGA (#596037) AND**  **CIVIL ACTION**
**NORMAN SANDERS (#197433)**

**VERSUS**

**N. BURL CAIN, ET AL.**  **NO. 15-0747-BAJ-EWD**

**O R D E R**

The above-captioned proceeding involves the claims of two (2) *pro se* plaintiffs, Pedro Ortega and Norman Sanders, who are inmates confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, and who jointly filed a Complaint on a form for the assertion of the alleged violation of their constitutional civil rights under 42 U.S.C. § 1983. The plaintiffs assert that their constitutional rights have been violated at LSP through involuntary exposure to environmental tobacco smoke at the institution. The plaintiffs assert that the defendants have failed to enforce the no-smoking policy at LSP in housing areas without adequate ventilation and, instead, have effectively encouraged smoking by selling tobacco products at the LSP canteens. Finally, the plaintiffs contend that prison officials have intimidated and retaliated against inmates who complain about exposure to environmental tobacco smoke.

Although the Complaint was filed jointly, the Court finds that the management of proceedings in this matter will be complicated if the claims of the two *pro se* plaintiffs are allowed to continue in a single proceeding. Specifically, a *pro se* plaintiff is allowed to represent only himself and is not authorized to appear on behalf of or assert the constitutional rights of other persons allegedly injured by the wrongful conduct of the defendants. Thus, all pleadings, motions and other filings will be required to be signed by each plaintiff seeking relief and may not be filed

by one purporting to act and/or seek relief on behalf of the other.  In addition, there is the possibility that one of the individual plaintiffs may subsequently be transferred to a different institution or to a different housing unit within the facility, and/or may be released from confinement, thereby further complicating the ability of the plaintiffs to participate together in this proceeding.  Accordingly, it is the Court's view that the future course of proceedings in this matter will be better and more efficiently managed if the claims of the individual plaintiffs are severed one from the other, so that the Court may individually address the fact-specific claims of each plaintiff.  *See Richards v. Office of Violent Sex Offender Management*, 2014 WL 1158993, *7 (S.D. Tex. March 21, 2014) (recognizing that "an action brought by multiple plaintiffs proceeding *pro se* in which the plaintiffs are detained presents procedural problems that cause delay and confusion," including "the need for all plaintiffs to agree on all filings" and "the need for all filings to contain the original signatures of all plaintiffs").  Accordingly,

**IT IS ORDERED**, *sua sponte*, that the claims of the individual plaintiffs in the above-captioned proceeding be and they are hereby **SEVERED** pursuant to Rule 21 of the Federal Rules of Civil Procedure, and the Clerk of Court is directed to create and assign a new record docket number for plaintiff **NORMAN SANDERS,** with the record docket number assigned to this case being assigned to plaintiff **PEDRO ORTEGA**.

Baton Rouge, Louisiana, this 13th day of January, 2016

  **BRIAN A. JACKSON, CHIEF JUDGE**
  **UNITED STATES DISTRICT COURT**